UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Civil File No.: 15-CV-03061

Semen Petrashov,

        Plaintiff,

vs.

Allina Health Systems,

        Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF ALLINA HEALTH SYSTEMS' MOTION TO DISMISS**

## INTRODUCTION

Plaintiff attempts to assert claims against Allina Health Systems apparently disputing Allina's charges for medical treatment Plaintiff received at the Emergency Department. But because this Court lacks subject-matter jurisdiction over Plaintiff's claims, because Plaintiff's Complaint is vague, non-specific, and contains no actual claims or request for relief, and because Plaintiff has failed to properly serve Allina Health Systems in a timely manner, this Court must dismiss Plaintiff's Complaint.

## STATEMENT OF FACTS

Plaintiff Semen Petrashov[1] filed a Complaint in federal court against Allina Health Systems on July 15, 2015, alleging that "Allina Health . . . deals with corruption," and taking issue with charges he incurred as a result of medical treatment he received. (Compl. ¶ 7.) According to his Complaint, Allina sent him a bill for $1,600 for "one

---

[1] By letter dated August 31, 2015, Plaintiff indicated that his son would be continuing this lawsuit on his behalf. [Doc. 7.] It is unclear whether his son is an attorney capable of representing him, and whether Plaintiff is actually pursuing his case.

tablet" and a "finger picture."  Plaintiff attached the invoice to his Complaint, which details the treatment provided to Plaintiff at the Mercy Hospital Emergency Department on May 31, 2015.  [Doc. 1-1.]  The invoice reflects that Plaintiff received narcotic pain medication, x-rays, labs, and consultation with an emergency physician.  [Doc. 1-1.]

To date, Plaintiff has not properly served Allina Health with his Summons and Complaint.  [*See* Doc. 5; Doc. 12.]  Moreover, a cursory review of his Complaint demonstrates that subject-matter jurisdiction is lacking, and that he failed to plead a valid claim for relief under Fed. R. Civ. P. 12(b)(6).  As such, Allina Health now moves to dismiss Plaintiff's Complaint with prejudice.

## ARGUMENT

I.   **PLAINTIFF'S CLAIM MUST BE DISMISSED FOR HIS FAILURE TO COMPLY WITH FED. R. CIV. P. 4(M).**

Under Fed. R. Civ. P. 4(m), a party must serve his complaint on the defendant within 120 days after the Complaint is filed with the Court, or face mandatory dismissal of that Complaint.  Because Plaintiff failed to comply with the 120-day deadline, his claim must be dismissed.

Under Rule 4(h), a plaintiff is required to personally serve his Summons and Complaint on a corporate defendant, or deliver the summons and complaint to an officer or other agency authorized to accept service; service by mail is not appropriate service.  Plaintiff submitted evidence that he mailed his Complaint to Allina Health in July 2015.  [Doc. 5; Doc. 12.]  He then apparently attempted service again by sending his Summons and Complaint to Allina Health on January 30, 2016.  [Doc. 12-1.]  These attempts at

2

service were improper. But because Plaintiff never personally served his Summons and Complaint, and because Allina Health did not waive proper service, Allina has never been served with process.

Plaintiff filed his lawsuit on July 15, 2015, meaning that the 120-day deadline to properly serve Allina Health expired on November 12, 2015. For that simple reason, Plaintiff's claims must be dismissed.

## II. PLAINTIFF'S CLAIM MUST BE DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION.

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A motion to dismiss pursuant to Rule 12(b)(1) challenges the Court's subject matter jurisdiction and requires the Court to examine whether it has authority to decide the claims." *Damon v. Groteboer*, 937 F. Supp. 2d 1048, 1063 (D. Minn. 2013).

### A. Diversity jurisdiction does not exist as both parties are citizens of Minnesota and Plaintiff has not pleaded an amount in controversy exceeding $75,000.

Under 28 U.S.C. § 1332(a), federal district courts enjoy original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000. *See MCC Mortg. LP v. Office Depot, Inc.*, 685 F. Supp. 2d 939, 942 (D. Minn. 2010). "The jurisdiction of a federal court under 28 U.S.C. § 1332(a) depends on the citizenship of the parties at the time the action is commenced." *Chavez-Lavagnino v. Motivation Edu. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013).

Plaintiff is a citizen of Minnesota, as he resides in Blaine. (Compl. ¶ 1(a).) Allina Health is also a Minnesota resident (as Plaintiff has recognized in his Complaint) as it is a non-profit organization with its principal place of business in Minnesota. *See* 28 U.S.C. § 1332(c)(1) (defining citizenship for corporate entities). Thus, Plaintiff cannot demonstrate that diversity of citizenship is present. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992) ("[T]he burden falls upon the party seeking the federal forum, if challenged, to demonstrate by a preponderance of the evidence that the parties are citizens of different states.").

Additionally, Plaintiff's request for relief refers to an attached invoice, which details medical services rendered by Allina Health in the amount of $1,600. (Compl. ¶ 7.) His request falls far below the jurisdictional requirements of section 1332. Because the parties are not diverse and because Plaintiff has not alleged an amount in controversy in excess of $75,000, this court lacks subject-matter jurisdiction over his claims and Plaintiff's Complaint must be dismissed.

### B. Because Plaintiff has not pleaded a claim arising under federal law, this Court lacks federal-question jurisdiction.

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the well-pleaded complaint rule, a plaintiff's properly-pleaded complaint must be examined to determine whether a federal question is found on the face of the complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "A federal question is raised in those cases in which a well-pleaded complaint establishes either that federal law creates

4

the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Peters v. Union Pac. R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996) (internal quotations omitted).

Plaintiff's Complaint appears to take issue with Allina Health's charges for medical services rendered to him in May 2015.[2] (Compl. ¶ 7.) Such allegations standing alone do not give rise to a cause of action under the constitution or any federal laws, and as such Plaintiff has pleaded no federal claims in his Complaint. *See Soltan v. Coburn*, No. 09-478, 2009 U.S. Dist. LEXIS 64299, at *4 (D. Minn. July 23, 2009) ("Nothing in those allegations implicates federal law, and the Magistrate Judge appropriately determined that the complaint fails to establish federal question jurisdiction."). Moreover, on Plaintiff's civil cover sheet, he has alleged that this is a personal injury or medical malpractice claim, and such claims would arise under the common law of the State of Minnesota, not any federal statutes. [*See* Doc. 1-2.] Plaintiff's Complaint therefore fails to allege any claims arising under federal law such that this Court would have subject-matter jurisdiction over this case.

In sum, Plaintiff has failed to plead both the citizenship and amount-in-controversy requirements of 28 U.S.C. § 1332, and has failed to allege a claim arising under federal law as required by 28 U.S.C. § 1331. This Court does not have subject-matter jurisdiction over Plaintiff's claims, and his Complaint must be dismissed.

---

[2] Based on the invoice submitted by Plaintiff, it appears that Allina charged $1,588.65 for Plaintiff's medical treatment, $326.73 was paid, and the hospital provided an "uninsured discount" of $714.89. [Doc. 1-1.]

### III. ALTERNATIVELY, PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED BY THIS COURT AND HIS COMPLAINT MUST BE DISMISSED.

Even if this Court concluded that it has subject-matter jurisdiction over Plaintiff's claims, Plaintiff's Complaint fails to plead a cognizable claim upon which this Court could grant him any relief. A motion to dismiss under Rule 12(b)(6) requires that the district court accept as true all well-pleaded facts in the complaint, and view them in a light most favorable to the nonmoving party. Nevertheless, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). As the Court explained in *Twombly*, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Further, the district court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* When a complaint does not include sufficient facts to nudge the claims "across the line from conceivable to plausible," dismissal is required. *Id.* at 570.

Plaintiff has failed to plead a valid claim in his Complaint. The sum total of Plaintiff's allegations is that Allina Health "deals with corruption," and that Plaintiff was sent a bill for $1,600 for medical services provided to him. (Compl. ¶ 7.) While Plaintiff's civil cover sheet indicates that this is a personal-injury action, Plaintiff's Complaint does not contain any allegations regarding the details of the medical treatment he received from Allina Health, or any allegations that the treatment itself was below a standard of care. Moreover, he fails to allege that he has any outstanding amounts owed

6

to Allina, fails to articulate a basis to recover any already-paid amounts, and fails to plead any facts demonstrating the existence of "corruption" under any cognizable legal theory. Indeed, all Plaintiff's Complaint demonstrates is that he disagrees with the charges for his emergency department visit. But that disagreement does not form the basis of a claim entitling Plaintiff to recovery. It is impossible for Allina Health to Answer Plaintiff's Complaint, as it is patently unclear what claims he is attempting to bring.

Moreover, Plaintiff's pro se status does not excuse his non-compliance with procedural rules or the substantive flaws in his complaint. *See, e.g.*, *Semler v. Klang*, 603 F. Supp. 2d 1211, 1227 (D. Minn. 2009) (holding that "Plaintiff's status as a pro se litigant, along with his good faith attempts to comply with the Rules" did not excuse his failure to adhere to procedural requirements). All litigants, including pro se litigants, are required to state well-pleaded claims.

Plaintiff has failed to state a valid claim for relief under Fed. R. Civ. P. 12(b)(6), and as such, Allina Health asks that this Court dismiss his Complaint.

## **CONCLUSION**

For these reasons, Allina Health respectfully asks this Court to dismiss Plaintiff's Complaint, in its entirety and with prejudice.

**BASSFORD REMELE**
*A Professional Association*

Date:  February 24, 2016

By s/ Christine E. Hinrichs
David E. Camarotto (#307208)
Christine E. Hinrichs (#389963)
33 South Sixth Street, Suite 3800
Minneapolis, Minnesota  55402-3707
Telephone:   (612) 333-3000
Facsimile:    (612) 333-8829
dcamarotto@bassford.com
chinrichs@bassford.com

Attorneys for Allina Health System