# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Semen Petrashov,

   Plaintiff,

v.

Alina Health Headquarters,

   Defendant.

Case No. 15cv3061 (WMW/SER)

**REPORT AND RECOMMENDATION**

STEVEN E. RAU, United States Magistrate Judge

  The above-captioned case comes before the undersigned on Defendant Allina Health System's ("Allina") Notice of Motion to Dismiss ("Motion to Dismiss") [Doc. No. 16].[1] This matter was referred to the undersigned for the resolution of pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(B)–(C), and District of Minnesota Local Rule 72.1. (Order of Reference Dated Mar. 3, 2016) [Doc. No. 24]. For the reasons stated below, the Court recommends granting the Motion to Dismiss.

## I. BACKGROUND

### A. Factual Background

  Plaintiff Semen Petrashov ("Petrashov") filed his complaint on July 15, 2015, using a District of Minnesota form. (Compl.) [Doc. No. 1]. Petrashov's statement of the claim states: "Complaint. Dear Judge company Alina Health it deals with corruption. One hour sent a bill for $1,600 just onlly. One tablet. And also. Finger picture." (*Id.* at 4). The claim for relief states "I'm Attached. invoice." (*Id.*). Petrashov attached an invoice in the amount of $1,588.65 that appears

---

[1] The Court defers to Allina's correction of its name.

to be for emergency health care services provided at Mercy Hospital on May 31, 2015. (Invoice) [Doc. No. 1-1]. Although the invoice appears to be page 1 of 2, only page 1 is attached. *See* (*id.*).

### B.    Procedural Background

On December 18, 2015, this Court ordered Petrashov to (1) notify defendant that it had to appear or move for an extension; (2) file an application for entry of default; or (3) advise the Court of any good cause why he could not comply because 120 days had elapsed and no defendant had entered an appearance.[2] (Order Dated Dec. 18, 2015) [Doc. No. 9]. The Court advised Petrashov that failure to comply would result in the Court recommending dismissal for lack of prosecution. (*Id.*). Petrashov asserted that he sent documents to Allina's headquarters. (Letter to Mag. J. Dated Dec. 29, 2015) [Doc. No. 10]. The Court noted that, based on Petrashov's response, it was not clear whether Allina had been served in compliance with Federal Rule of Civil Procedure 4. (Order Dated Jan. 25, 2016) [Doc. No. 11]. Petrashov asserted that he sent documents to Allina via U.S. mail, and attached various documents, including an unsigned waiver of service, U.S. mail receipts, proof-of-service forms, a complaint, and summonses.[3] *See* [Doc. Nos. 12, 12-1, 12-2, 12-3, 12-4].

Allina moved to dismiss on February 24, 2016, and Petrashov's response was due March 16, 2016. (Mot. to Dismiss); *see* D. Minn. L.R. 7.1(c)(2). Although Petrashov submitted materials to the Court following Allina's Motion to Dismiss, they were not responsive to the Motion to Dismiss. *See* (Order Dated Mar. 4, 2016) [Doc. No. 26] (denying Petrashov's request for an interpreter and advising Petrashov that video cameras are prohibited in courthouses in this

---

[2]    The Federal Rules of Civil Procedure were amended effective December 1, 2015, which changed the time to serve a complaint from 120 days to 90 days. *See* Fed. R. Civ. P. 4, advisory committee's notes to 2015 amendment. Because Petrashov's Complaint was filed before the Rules were amended, the Court applies the 120-day requirement.

[3]    These documents are discussed in greater detail in the subsequent analysis.

District); (Letter to Mag. J. Dated Mar. 8, 2016) [Doc. No. 29]; (Letter to J. Dated Mar. 11, 2016) [Doc. No. 30]. The Court therefore cancelled the hearing pursuant to Local Rule 7.1(g), but permitted Petrashov a final opportunity to respond to the Motion to Dismiss, and permitted Allina a reply. (Text Only Order Dated Apr. 19, 2016) [Doc. No. 32]. Although additional documents were submitted on Petrashov's behalf, they were submitted by Oleg Petrashov, Petrashov's son. (Letters Dated Apr. 25, 2016 & May 18, 2016) [Doc. Nos. 33–34]; *see also* (Notice) [Doc. No. 7] (Petrashov purporting to give his son permission to continue his case due to Petrashov's broken leg). Oleg Petrashov did not enter an appearance on Petrashov's behalf and nothing in the record suggests that Oleg Petrashov is a licensed attorney. Therefore, it is not clear whether he can represent his father in federal court. *See* 28 U.S.C. § 1654 (stating that parties may pursue cases on their own or through counsel). Further, the supplemental materials do not address the Motion to Dismiss. *See* (Letters to Mag. J. Dated Apr. 25, 2016 & May 18, 2016). Allina did not file a reply, and the matter is now under advisement. *See* (Text Only Order Dated Apr. 19, 2016).

## II.   DISCUSSION

Allina seeks dismissal based on an absence of subject-matter jurisdiction as well as Petrashov's failure to timely serve Allina, and due to Petrashov's failure to state a claim upon which relief can be granted. *See generally* (Mem. of Law in Supp. of Allina's Mot. to Dismiss, "Mem. in Supp.") [Doc. No. 19].

### A.   Subject Matter Jurisdiction

A complaint may be filed in federal court only if it presents a federal question or there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a); *see also, e.g.*, *Mitchell v. Media Com*, 511 F.

App'x 595 (8th Cir. 2013) (per curiam) (unpublished) (affirming dismissal where parties were not diverse and plaintiff did not present a federal question). Petrashov did not assert a basis for jurisdiction. *See* (Compl. at 3); (Civil Cover Sheet) [Doc. No. 1-2].

Nothing in the compliant supports a claim based on "the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331; *see also Peters v. Union Pac. R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996) ("A federal question is raised in those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." (internal quotation marks omitted)). Petrashov's cover sheet categorizes the "Nature of Suit" as "Personal Injury–Medical Malpractice," which is not an inherently federal claim. *See* (Civil Cover Sheet). Therefore, the Complaint provides no basis for federal question jurisdiction. *See* § 1331.

"When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties." *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). If Petrashov intends to rely on diversity jurisdiction, he must plead each party's citizenship. *Walker ex rel. Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997).

Petrashov is a citizen of Minnesota, and appears to believe that Allina is a Minnesota resident as well. *See* (Compl. at 1–2) (listing Allina's headquarters address as Minneapolis, Minnesota). Thus, Petrashov has not pleaded diversity between the parties.[4] Further, Petrashov appears to seek damages in the amount of $1,600, at most, which is far below the $75,000

---

[4] Although it provides no additional information or supporting documentation apart from its argument, Allina argues that it is a "non-profit organization with its principal place of business in Minnesota." (Mem. in Supp. at 4) (citing 28 U.S.C. § 1332(c)(1)).

4

threshold required for diversity jurisdiction. *See* 28 U.S.C. § 1332(a); (Compl. at 4). Therefore, the Court concludes Petrashov has failed to plead diversity jurisdiction.

Because the Court does not have subject matter jurisdiction, the Court recommends the Complaint be dismissed without prejudice.

### B.     Service

In the alternative, the Court recommends the Complaint be dismissed without prejudice because Allina has not been served within the required time limit, and therefore, the Court lacks personal jurisdiction over Allina. *See* Fed. R. Civ. P. 4(m).

#### 1.      Legal Standard

The plaintiff bears the burden of "having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). If a defendant is not served within 120 days after a complaint is filed, a court must either dismiss the action without prejudice or "order that service be made within a specified time." Fed. R. Civ. P. 4(m); *see supra* n.2. A "court must extend the time for service for an appropriate period" if the plaintiff shows good cause for the failure. *Id.* "A showing of good cause requires at least excusable neglect—good faith and some reasonable basis for noncompliance with the rules." *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996) (internal quotation marks omitted). "If [a] plaintiff fails to show good cause, the court still **may** extend the time for service rather than dismiss the case without prejudice." *Kurka v. Iowa County*, 628 F.3d 953, 957 (8th Cir. 2010) (emphasis in original) (internal quotation marks omitted). Whether to dismiss an action for untimely service or to provide an extension of time to perfect service is within the court's discretion. *Id.*

To serve a corporation, partnership, or association, a party must serve that corporation using the process described for serving an individual or by delivering a copy of the summons and complaint to an officer or agent of the corporate defendant. Fed. R. Civ. P. 4(e), (h)(1).

Service by mail may only be accomplished when certain requirements are met. Specifically, a plaintiff may notify a defendant "that an action has been commenced and request that the defendant waive service of a summons." Fed. R. Civ. P. 4(d)(1). When the recipient is a corporation, the notice and request must be in writing and addressed "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(d)(1)(A)(ii). In addition, and among other requirements, the request must include a request for waiver of service and a prepaid means of returning the waiver form. Fed. R. Civ. P. 4(d)(1)(C). Although a defendant who does not have good cause to fail to sign and return a waiver may be responsible for expenses, a defendant is not obligated to waive service. Fed. R. Civ. P. 4(d)(2); *Adams*, 74 F.3d at 886. "If the defendant returns the waiver and the plaintiff files the waiver with the court, 'the action shall proceed . . . as if a summons and complaint had been served at the time of filing the waiver.'" *Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 867 (8th Cir. 2000) (quoting Fed. R. Civ. P. 4(d)(4)). But if the defendant does not return the waiver, service has not been effected and the plaintiff must serve the summons and complaint in compliance with Rule 4. *Id.* at 867–68; *see also Seretse v. Andersen Corp.*, Civil No. 12-cv-323 (SRN/TNL), 2013 WL 2434876, at *3 (D. Minn. June 4, 2013) (Leung, Mag. J., as adopted by Nelson, J.).

Regardless of whether an entity has actual notice of a lawsuit, a district court lacks jurisdiction over any entity not properly served. *Adams*, 74 F.3d at 885.

**2. Analysis**

Petrashov's complaint was filed on July 15, 2015. (Compl.). Therefore, he was required to effectuate service by November 12, 2015, 120 days later. *See* Fed. R. Civ. P. 4(c)(1), (m); *see also supra* n.2.

In response to the Court's December 18, 2015 Order, Petrashov stated that he "sent all the documents headquarters the company." (Letter to Mag. J. Dated Dec. 29, 2015). Petrashov did not include an affidavit of service, nor did he describe or attest to specifically what documents were sent to Allina. *See* (*id.*). The Court noted that it was not clear whether Petrashov served Allina in compliance with Federal Rule of Civil Procedure 4 and required Petrashov to provide proof of service. (Order Dated Jan. 25, 2016).

Petrashov then filed several documents.[5] The following documents contain dates in July 2015: (1) a "proof of service" form signed by Petrashov dated July 15, 2015, stating that he served someone by U.S. mail [Doc. No. 12 at 1]; (2) a summons signed by the Clerk of Court dated July 15, 2015 [Doc. No. 12 at 4]; (3) the complaint and accompanying exhibit [Doc. No. 12-2]; [Doc. No. 12-3 at 1]; and (4) a copy of a priority mail express tracking receipt showing a scheduled delivery date of July 17, 2015, and on which handwriting appears stating "proof service" [Doc. No. 12-3 at 4].[6] Although not filed with these documents, the record reflects an unsigned "Waiver of Service of Summons" form dated July 15, 2015. [Doc. No. 3].

The following documents contain the date of January 30, 2016: (1) a letter addressed "Dear Judge," stating that Petrashov has provided to the Court copies of all the documents sent to Allina and a receipt showing that he sent the documents through express mail and that he will send the documents again [Doc. No. 12-3 at 5]; (2) a summons that is not signed by the Clerk of

---

[5] Given the lack of structure to Petrashov's filing, the Court refers only to the document numbers and the page numbers assigned by CM/ECF.

[6] This document was also filed on July 16, 2015, with a payment receipt. *See* [Doc. No. 5].

Court [Doc. No. 12 at 2]; (3) a priority mail payment receipt [Doc. No. 12-1]; (4) an unsigned "Waiver of the Service of Summons" form [Doc. No. 12-3 at 2]; and (5) a Certificate of Service for Service by Mail [Doc. No. 12-4]. Petrashov also included an undated "proof of service" form that he signed and which indicates that he served someone at the U.S. Post Office [Doc. No. 12 at 3].

From this, the Court gleans that Petrashov believes he served Allina within the meaning of Rule 4 by mailing documents to Allina, including a waiver request. Whether Petrashov provided all of the required documentation to Allina with the waiver request—either in July 2015 or January 2016—is not clear from the record. *See, e.g.*, Fed. R. Civ. P. 4(d)(1) (listing requirements for requesting waiver of service). Nonetheless, even if Petrashov had provided all of the required documents to Allina, he has not demonstrated that he addressed the notice and request "to an officer, managing or general agent, or any other agent authorized . . . to receive service of process." *See* Fed. R. Civ. P. 4(d)(1)(A)(ii); [Doc. No. 12-3 at 4] (priority mail receipt addressed to Allina Health, but not a specific person). More importantly, nothing in the record demonstrates that Allina returned the waiver form. *See* (Mem. in Supp. at 3) (arguing Allina "did not waive proper service").

In the absence of a returned waiver from, Petrashov was required to serve Allina personally. *Larsen*, 218 F.3d at 867–68; *Seretse*, 2013 WL 2434876, at *3. Petrashov has not demonstrated that he served Allina personally. In fact, the only documents Petrashov submitted reflect service by mail. Therefore, the Court concludes that Petrashov failed to complete service within the time period permitted by Rule 4(m).

Good cause for untimely service may be found when the plaintiff is pro se. *Kurka*, 628 F.3d at 957. Although Petrashov is proceeding pro se, the Court has considered the entire record

8

and finds Petrashov established neither good cause nor excusable neglect for his failure to serve Allina. The Court infers from Petrashov's submissions that Petrashov believed that service by mail constituted effective service. *See generally* [Doc. Nos. 12, 12-1, 12-2, 12-3, 12-4]. Nonetheless, Petrashov has not availed himself of several opportunities the Court provided to him to demonstrate his good faith attempt to comply with Rule 4. Petrashov could have provided further detail in response to the Court's January 25, 2016 Order, and could have responded to the Motion to Dismiss, either within the time permitted by Local Rule 7.1, or at the Court's invitation. *See* (Text Only Order Dated Apr. 19, 2016). In other words, Petrashov has failed to demonstrate any "reasonable basis for noncompliance with the rules." *Adams*, 74 F.3d at 887. In the absence of any explanation for his failure to properly serve Allina as required by Rule 4, the Court finds Petrashov has demonstrated neither good cause nor excusable neglect to warrant additional time to serve Allina.[7]

For the foregoing reasons, the Court alternatively recommends that the complaint be dismissed without prejudice for failure to timely serve Allina. *See* Fed. R. Civ. P. 4(m).

### C. Failure to State a Claim

Allina also argues Petrashov's complaint should be dismissed because it fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6); (Mem. in Supp. at 6–7). But because the Court lacks jurisdiction, the Court cannot rule on the merits of any 12(b)(6) argument. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 557 (1999) ("Jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject-matter

---

[7] This determination is further supported by the previous analysis that the Court lacks subject matter jurisdiction. In other words, permitting Petrashov additional time to properly serve a complaint that does not even attempt to invoke federal jurisdiction is not likely to resolve the dispute between the parties.

jurisdiction) and authority over the parties (personal jurisdiction), so that the court's decision will bind them."). The Court therefore declines to recommend dismissal on this ground.

## III. RECOMMENDATION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant Allina Health System's Notice of Motion to Dismiss [Doc. No. 16] be **GRANTED** and this case be **DISMISSED without prejudice.**

Dated: June 14, 2016

                                              *s/Steven E. Rau*
                                              STEVEN E. RAU
                                              United States Magistrate Judge

### Notice

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after objections are filed; or (2) from the date a timely response is filed.